IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**MARC EDWARD BRUNE**                                                                    **PLAINTIFF**

v.                                        CASE NO.: 6:10-cv-6088

**SHERIFF PRESTON GLENN**                                                         **DEFENDANTS**

### MEMORANDUM OPINION

Marc Edward Brune, currently a resident of Little Rock, Arkansas, filed this civil rights action under 42 U.S.C. § 1983. ECF No. 1. Pursuant to the provisions of 28 U.S.C. § 636 (2005), this case is before the undersigned on consent of the parties. ECF No. 11.

Now before this Court is the Motion to Dismiss filed by the Defendant. ECF No. 23. Plaintiff has filed no response to the Motion to Dismiss.

**I.     Background**

Plaintiff filed his Complaint on November 29, 2010, alleging three claims. ECF No. 1. First, Plaintiff alleged he sent five separate requests to receive medical treatment for mental health issues from September 2010, until the filing of his Complaint. *Id.* at ¶ V. Plaintiff also alleged he sent in a grievance on October 29, 2010, specifically regarding the lack of response to his medical requests for mental health treatment. *Id.* Second, Plaintiff alleged that on October 25, 2010, he completed a grievance regarding the jail's refusal to deliver mail on weekends and on days that the secretary is absent. *Id.* Third, Plaintiff alleged that Pike County Jail did not respond to any of his written grievances in a timely manner. *Id.*

This Court construed Plaintiff's Complaint, under the liberal construction to be afforded to *pro se* complaints, to include claims of denial of access to the mail, denial of grievance responses, and denial or delay of mental health care by Sheriff Glenn. *See* ECF No. 17. After reviewing Defendants' Motion to Dismiss, this Court dismissed all claims except for Plaintiff's denial or delay

of medical care claims against Sheriff Glenn. *Id.*

On August 19, 2011, Defendant Glenn filed a Motion to Compel. ECF No. 18. Defendant contended that on July 1, 2011, discovery requests were served on Plaintiff and Plaintiff failed to respond. ECF No. 18-1. On August 3, 2011, Defendant sent correspondence, including a copy of the discovery requests, to Plaintiff at Plaintiff's current address at the time, requesting Plaintiff's past-due discovery responses be forwarded, and advised that if Plaintiff's responses were not forwarded by August 17, 2011, Defendant would file a Motion to Compel. ECF No. 18-2. Plaintiff did not so respond and Defendant filed his Motion to Compel. ECF No. 18. Plaintiff filed no response to the Motion to Compel and the Motion to Compel was granted. ECF No. 22. Plaintiff's discovery responses were due to Defendant Glenn on or before November 17, 2011. *Id.*

It was also noted by the Court in the Order granting the Motion to Compel, that no mail was returned to the Court, but mail was returned to the Defendant. *Id.*; ECF No. 19. The returned mail included a copy of the Motion to Compel, which Defendants had filed with the Court. The Court then changed Plaintiff's address on his behalf, however no mail was ever returned to the Court, including Defendant's Motion to Compel, and it is assumed Plaintiff has received this document, as well as all others, mailed to him from the Court. Plaintiff did not respond to the Motion to Compel, or the Court's Order granting the motion. Moreover, Plaintiff has not responded to the Motion to Dismiss.

## II.  Applicable Law

Pursuant to Federal Rule of Civil Procedure 37(b)(2), this Court is authorized to sanction a party when that party fails to obey a discovery order. One of the sanctions authorized is "dismissing the action or proceeding in whole or in part." FED. R. CIV. P. 37(b)(2)(A)(v).

In the Eighth Circuit, a court should only impose the extreme sanction of dismissing a case

in limited circumstances. In order to impose this sanction under Rule 37, the following three requirements must be met: (1) an order compelling discovery; (2) a willful violation of that order; and (3) prejudice to the other party. *See Mems v. City of St. Paul, Dept. of Fire and Safety Serv.,* 327 F.3d 771, 779 (8th Cir. 2003) (citation omitted).

### III.  Discussion

In the present action and as outlined above, Plaintiff has failed to respond to discovery requests made by the Defendant and Defendant is now seeking dismissal of this action. As noted above and in the previous order of the Court, there are three requirements for sanctions to be entered pursuant to Rule 37. First, there must be an order compelling discovery. *See Mems,* 327 F.3d at 779. On October 17, 2011, this Court entered an order compelling discovery. ECF No. 22. Thus, the first requirement of *Mems* is met. Second, there must be a willful violation of that order. *See Mems,* 327 F.3d at 779. Based upon Defendants' demonstration that they sent Plaintiff discovery responses, which were unanswered, ECF No. 18, and Plaintiff's failure to acknowledge the Motion to Compel or the Motion to Dismiss, there is little dispute that Plaintiff has willfully failed to comply with discovery and with this Court's Order. The Court also notes that no mail has been returned to the Court, and thus it appears Plaintiff has had knowledge and adequate opportunity to respond.

Third and finally, Defendants must demonstrate prejudice. *See Mems,* 327 F.3d at 779. The Court finds prejudice has been established and dismissal of Plaintiff's Complaint against the Defendants, with prejudice, is warranted.

Courts in this circuit attempt to balance the egregiousness of the plaintiff's conduct against the severity of the sanction of dismissal, weighing the adverse effect of the plaintiff's conduct on the defendant and the administration of justice against the consequence of extinguishing a litigant's claim. *See, e.g., Doe v. Cassel*, 403 F.3d 986, 990 (8th Cir. 2005). A finding of bad faith is not

-3-

required, but rather the court must determine if the plaintiff acted intentionally, as opposed to accidentally or involuntarily. *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000). A finding of prejudice is proper if the failure to participate in discovery "impairs an opponent's ability to determine the factual merits of a party's claim." *In re O'Brien*, 351 F.3d 832, 839 (8th Cir. 2003).

A finding of intentional or willful conduct justifying dismissal is dependent upon the particular facts of a given case. Courts have found a variety of conduct sufficiently willful to justify dismissal, including the willful failure to answer interrogatories, *Fox v. Studebaker-Worthington, Inc.*, 516 F.2d 989, 993 (8th Cir. 1975), conduct exhibiting a pattern of intentional delay, *Fletcher v. Southern Farm Bureau Life Ins. Co.*, 757 F.2d 953, 956 (8th Cir. 1985), a persistent failure to respond to discovery requests and disregard of a court's order requiring the production of discovery responses, *Edina Couriers, LLC v. UPS Mail Innovations*, 06-CV-2137 (PAM/JSM), 2008 WL 80000 (D. Minn. Jan. 4, 2008), and failure to comply with an order for a deposition, *Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994). While courts exercise caution in dismissing the claims of *pro se* plaintiffs, and *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, *pro se* plaintiffs are not excused from complying with court orders. *Leach v. Waterway Car Wash*, 217 Fed. Appx. 571 (8th Cir. 2007) (affirming dismissal of complaint pursuant to Rule 41(b), but finding that plaintiff's conduct did not arise to level of willful disobedience or intentional delay, the court modified the dismissal to be without prejudice).

It is found that prejudice has been established as to Defendant due to Plaintiff's unwillingness to obey Orders of this Court to complete discovery and that Defendants have been, and continue to be, impaired in their ability to determine the factual merits of Plaintiff's claims.

**IV.     Conclusion**

Accordingly, it is **HEREBY ORDERED that Defendant's Motion to Dismiss, ECF No.**

**23, be GRANTED and Plaintiff's Complaint, ECF No. 1, be DISMISSED with prejudice. The Bench Trial currently set for January 10, 2012, is likewise CANCELLED. A separate judgment shall be entered on this same date.**

**IT IS SO ORDERED** this **15th day of December 2011.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE